# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5765 | **DATE** | 8/1/2001 |
| **CASE TITLE** | Hartford vs. Flex Membrane | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants plaintiff's motion for summary judgment. Judgment is entered as follows: Judgment is entered in favor of plaintiff. Plaintiff has no obligation to defend defendant Flex Membrane International, Inc. against the action brought against it by Prologs Trust, Case No. 00 C 352, pending in the Northern District of Illinois.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 02 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG -1 PM 5:04 | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HARTFORD FIRE INSURANCE )
COMPANY, )
                                                 )
        Plaintiff, )
                                                 )
v. ) Case No. 00 C 5765
                                               )
FLEX MEMBRANE INTERNATIONAL, )
INC. and PROLOGIS TRUST, formerly )
known as Security Capital Trust, )
                                               )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

DOCKETED AUG 0 2 2001

MATTHEW F. KENNELLY, District Judge:

Prologis Trust employed Flex Membrane International, Inc. to manufacture the roof system for a building Prologis owns in New Jersey called Capital Center II. Flex issued a 10-year warranty for the roof system in April, 1992. In the middle of January, 1999, the roof system shattered and caused extensive leakage and other consequential damage to Capital Center II. Prologis sued Flex for breach of warranty to recover the cost, over $750,000, of repairing and replacing the allegedly defective roof system created by Flex.

Flex called upon its insurance carrier, Hartford Fire Insurance Company, to defend it against Prologis' suit. Hartford filed this declaratory judgment action, alleging that it does not have a duty to defend Flex under the insurance policy. Specifically, Hartford argues that Prologis' complaint does not allege an "occurrence" as required by the insurance policy. Hartford also argues that coverage is precluded by the insurance policy's "business risks" exclusions. Hartford has moved for summary judgment.

## Discussion

Hartford has moved for summary judgment. Summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In addressing a motion for summary judgment, the Court views all facts and draws all inferences in the light favorable to the nonmoving parties, in this case, Flex and Prologis. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Under the "most significant contacts test," New Jersey law governs this case. This is because, among other reasons, Flex is domiciled in New Jersey and the insurance policy was negotiated, issued, and delivered there. The parties agree, however, that the Court may apply the law of the forum state, Illinois, because there is no disagreement between New Jersey and Illinois law that would affect the outcome in this case. *See Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir. 1994), citing *International Administrators v. Life Insurance Co. of North America*, 753 F.2d 1373, 1376 n.4 (7th Cir. 1985).

Under Illinois law, if the allegations of a complaint against the policyholder fall within or even potentially within the insurance policy, the insurer has a duty to defend. *American Fire and Casualty Co. v. Broeren Russo Construction, Inc.*, 54 F. Supp. 2d 842, 845 (C.D. Ill. 1999). The insurance policy issued by Hartford states:

> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> > (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
> >
> > (2) The "bodily injury" or "property damage" occurs during the policy period.

The relevant definitions state:

2

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Under these policy provisions, Flex is entitled to coverage if the damage caused by the defective roof was an accident that resulted in property damage which was not expected or intended by Flex. *Monticello Insurance Co. v. Wil-Freds Construction, Inc.*, 277 Ill. App. 3d 697, 703, 661 N.E.2d 451, 455 (1996). An accident is "an unforeseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character." *Id.* (quoting *Aetna Casualty & Surety Co. v. Freyer*, 89 Ill. App. 3d 617, 619, 411 N.E.2d 1157, 1159 (1980)).

The underlying suit brought by Prologis against Flex does not allege property damage caused by an accident as the law defines that term. The failure to a product to perform as warranted is foreseeable; indeed that is exactly why a warranty is provided. *See American Fire*, 54 F. Supp. 2d at 847; *Diamond State Insurance Co. v. Chester-Jensen Co.*, 243 Ill. App. 3d 471, 483, 611 N.E.2d 1083, 1092 (1993). Moreover, the shattering and leaking of a roof are the natural and ordinary consequences of defective roof construction. *See Indiana Insurance Co. v. Hydra Corp.*, 245 Ill. App. 3d 926, 930, 615 N.E.2d 70, 73 (1993). The natural and ordinary consequences of an act do not constitute an accident. *Monticello*, 277 Ill. App. 3d at 703, 661

3

N.E.2d at 455.

Commercial general liability insurance policies such as the one between Flex and Hartford do not "cover 'an occurrence of alleged negligent manufacture'; [they] cover[] negligent manufacture that results in 'an occurrence.'" *Hamilton Die Cast, Inc. v. United States Fidelity and Guaranty Co.*, 508 F.2d 417, 420 (7th Cir. 1975). In a case like this one, negligent manufacture may result in an occurrence when the result is damage to something other than the structure worked on. *See Monticello*, 277 Ill. App. 3d at 706, 661 N.E.2d at 457. For example, in *Pekin Insurance Co. v. Richard Marker Associates, Inc.*, 289 Ill. App. 3d 819, 682 N.E.2d 362 (1997), the defective construction of a house caused water pipes to burst, resulting in damage to the owner's furniture, clothing, and antiques. The court held that there had been an occurrence within the meaning of an insurance policy similar to the one here; the property damaged was different from the structure worked on. *Id.* at 823, 682 N.E.2d at 366. But "when the underlying complaint alleges only damage to the structure itself, courts have found that there [is] no coverage." *Id.* at 822, 682 N.E.2d at 365. In this case, the only damage alleged by Prologis is damage to the building of which the roof is a part.

Flex argues that the roof and the building are distinct and that the case is therefore similar to *Pekin Insurance*. The Court does not agree. The roof is part of the building: it depends on the building for structure and support, and the building depends on the roof for protection from the elements. As in *American Fire*, which concerned damage to a building caused by the failure to an exterior insulation finish system designed to prevent water from leaking to the interior, the only damage in this case was to the structure that Flex worked on. *American Fire*, 54 F. Supp. 2d at 842. Thus there was no "occurrence" within the meaning of the insurance policy.

4

For these reasons, the Court concludes that Prologis' complaint against Flex does not allege facts that fall within, or even potentially within, the coverage of the insurance policy issued by Hartford. In light of our resolution of the "occurrence" issue, we need not address whether the claim is excluded by the policy's "business risks" exclusion.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for summary judgment. The Clerk is directed to enter judgment as follows: Judgment is entered in favor of plaintiff. Plaintiff has no obligation to defend defendant Flex Membrane International, Inc. against the action brought against it by Prologis Trust, Case No. 00 C 352, pending in the Northern District of Illinois.

MATTHEW F. KENNELLY
United States District Judge

Date: August 1, 2001